**UNITED STATES, Appellee,**

v.

**John RUSHBY, Defendant, Appellant.**

**No. 91–1112.**

United States Court of Appeals,
First Circuit.

Heard May 10, 1991.

Decided June 20, 1991.

David J. Wenc, Windsor Locks, Conn., by appointment of the Court, for defendant, appellant.

Bertha D. Josephson, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., and Kevin O'Regan, Asst. U.S. Atty., were on brief, Boston, Mass., for appellee.

Before BREYER, Chief Judge, ALDRICH, Senior Circuit Judge, and TORRUELLA, Circuit Judge.

BREYER, Chief Judge.

Defendant John Rushby pleaded guilty to one count of conspiracy to distribute cocaine and marijuana. 21 U.S.C.

---

§§ 841(a)(1) and 846. At his sentencing hearing on January 18, 1991, the Government moved the court to depart downward from the relevant sentencing range in light of his help in prosecuting his coconspirators. United States Sentencing Commission, *Guidelines Manual,* § 5K1.1. Rushby urged that, in addition to his assisting the Government, there were other grounds to depart. He pointed out that:

1. since 1981, he has been steadily and successfully employed in his own painting and wallpaper-hanging business, earning about $30,000 annually;

2. he has "strong family ties;" he has had a "solid marriage for ten years;" he has two sons, aged seven and nine; he is the main breadwinner of the family and "functions as a caretaker ... when his wife is working;" he is a "good father;" and, he does chores (such as grocery shopping and snow shoveling) for his wife's grandmother, who lives across the street;

3. although he has a history of heroin and alcohol abuse, Rushby has been "clean and sober" since his arrest on June 6, 1988, and he is undergoing treatment.

In contrast, Rushby explained, your run-of-the-mill drug defendant (1) generally has a spotty employment record, (2) has no family life to speak of, and (3) makes no attempt to rehabilitate himself. In short, Rushby said that he is so different from the kind of defendant that the Sentencing Commission had in mind that the court should depart even further, that is to say, it should not impose a prison term at all.

The district court ruled that the applicable sentencing range was 46–57 months, but that it would impose a sentence of only 18 months because of Rushby's cooperation with the authorities. The court also said:

[C]ooperation [is] the only reason that is allowed for departure. Family ties, community ties, hardship, business purposes and so forth were all thrown out by the guidelines law. And courts could not even consider those as reasons. They could feel sympathetic, they could feel sorry for [Rushby's] grandmother and now they have to shovel their walk, but they can't do anything about it.

Rushby appealed his sentence.

On appeal, Rushby argues that the transcript of his sentencing hearing shows that the sentencing judge thought himself without the power to depart. And, the judge *did* have that power, Rushby says. Accordingly, he argues, we should remand to give the district court an opportunity to consider whether it should exercise that power. The Government, on the other hand, argues that the transcript shows that the sentencing judge knew he had the power to depart, but declined to exercise it. And, while the Government concedes that we can review a district court's determination that it is without power to depart, *see, e.g., United States v. Castiello,* 915 F.2d 1, 5–6 (1st Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 787, 112 L.Ed.2d 849 (1991); *United States v. Tucker,* 892 F.2d 8, 9 n. 2 (1st Cir.1989); *United States v. Russell,* 870 F.2d 18, 20 (1st Cir.1989) (per curiam), it correctly argues that we cannot review a district court's refusal to exercise that power. *See, e.g., United States v. Porter,* 924 F.2d 395, 399 (1st Cir.1991); *United States v. Sanchez,* 917 F.2d 607, 613 (1st Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1625, 113 L.Ed.2d 722 (1991).

■ We do not need to decide exactly what the district court's language means, because "whichever disposition we undertake, the effect is the same." *Norton v. Mathews,* 427 U.S. 524, 537, 96 S.Ct. 2771, 2778, 49 L.Ed.2d 672 (1976). If we assume Rushby is right in saying that the sentencing court thought itself without power to depart, we still must affirm. Since the facts shown in the record do not show unusual circumstances, they did not permit the sentencing court to depart in this instance.

■ For a mitigating circumstance to warrant downward departure, it must be "of a kind," or exist "to a degree," that the Sentencing Commission did not "adequately take[ ] into consideration ... in formulating the guidelines." 18 U.S.C. § 3553(b). The Guidelines' Policy Statements help us

understand what the Commission did consider. They say:

1. "Family ties and responsibilities ... are not ordinarily relevant in determining whether a sentence should be outside the guidelines...." U.S.S.G. § 5H1.6, p.s.

2. "Employment record is not ordinarily relevant in determining whether a sentence should be outside the guidelines...." U.S.S.G. § 5H1.5, p.s.

3. "Drug dependance or alcohol abuse is not a reason for imposing a sentence below the guidelines." U.S.S.G. § 5H1.4, p.s. *See United States v. Sklar*, 920 F.2d 107, 117 (1st Cir. 1990) (offender's efforts to overcome drug dependency ordinarily not a reason for downward departure); *United States v. Pharr*, 916 F.2d 129, 132–33 (3d Cir.1990) (same), *cert. denied*, [— U.S. ——, 111 S.Ct. 2274, 114 L.Ed.2d 725], 59 U.S.L.W. 3810 (1991).

In our view, the specific facts to which the appellant points, whether taken separately or together, are simply not sufficient to invoke the exceptions implied by the word "ordinarily." They do not show the unusual circumstances that the Policy Statements indicate are needed to justify departure. Had the district court departed on the basis of these facts, its decision could not have withstood legal challenge. *See United States v. Diaz–Villafane*, 874 F.2d 43, 49 (1st Cir.), *cert. denied*, — U.S. ——, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989). Consequently, its decision not to depart is lawful and is

*Affirmed.*