**UNITED STATES, Appellee,**

v.

**Mary Lou CHESTNA, Defendant, Appellant.**

**No. 91–1785.**

United States Court of Appeals, First Circuit.

Submitted Dec. 31, 1991.

Decided April 21, 1992.

John H. Montgomery, Kenneth D. Pierce, and Bernstein, Shur, Sawyer and Nelson, Portland, Me., on brief, for defendant, appellant.

Richard S. Cohen, U.S. Atty., Nicholas M. Gess, and Margaret D. McGaughey, Asst. U.S. Attys., Portland, Me., on brief, for appellee.

Before BREYER, Chief Judge, CAMPBELL, Senior Circuit Judge, and SELYA, Circuit Judge.

PER CURIAM.

The defendant, Mary Lou Chestna, was convicted, after jury trial, of conspiracy to possess with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846. On appeal, defendant raises only an issue as to her resulting sentence. She has moved for an expedited appeal. We grant that request. At the same time, however, we conclude that no substantial question is presented and we affirm. U.S.Ct. of App.R. 27.1.

For purposes of determining defendant's Base Offense Level (BOL), the court found the relevant drug quantity to be 3.85 kilograms, for a BOL of 30. The court further found that defendant accepted responsibility for the offense conduct and so reduced the BOL two levels to 28. Defendant's Criminal History Category is Category I. Based on a total offense level of 28 and a Criminal History Category of I, the applicable Guideline range is 78 to 97 months.[1]

Pursuant to 18 U.S.C. § 3553 and U.S.S.G. § 5K1.1, the government moved for a downward departure from the guidelines for defendant's substantial assistance in the prosecution of another person who had committed an offense. The government recommended a sentence of 60 months. Although disagreeing with the recommended sentence, defendant urged the court to grant the government's motion. "Alternatively," sentencing transcript (Tr.) at 10, defendant requested a downward departure, due to what defendant alleged were unique circumstances of her family responsibilities. At the time of sentencing, defendant was a single mother with three children, aged 13, 11, and 4

---

1. The indictment charged criminal conduct from approximately August through November 1988. The defendant was convicted in May 1990, and sentenced in July 1991. The court found other drug transactions, occurring at other times and not charged in the indictment, to be properly included as drug quantities involved in relevant conduct. In determining sentence, the court noted that it compared the content of the applicable guidelines before and after the November 1, 1989 revision and utilized those provisions which most favored the defendant's interest in the sentencing process.

The defendant does not contest either the court's computation or its choice of applicable guidelines versions.

years.[2] Defendant sought a term of probation.

The court granted the government's motion for a downward departure for substantial assistance and denied defendant's request for departure for unique circumstances. The court imposed a term of imprisonment of 60 months, a 4 year term of supervised release and a felony assessment of $50.

On appeal, defendant does not attack directly the court's denial of her request for a downward departure due to alleged unique circumstances of her family responsibilities. She concedes that a district court's refusal to depart is not appealable. *E.g., United States v. Romolo,* 937 F.2d 20, 22 (1st Cir.1991). Rather, she seeks refuge in our recognition that appellate jurisdiction may attach where the decision not to depart is based on the court's mistaken view that it lacks the legal authority to consider a departure. *See United States v. Romolo,* 937 F.2d at 22 (and cases cited therein). This does not satisfactorily aid defendant, however, because the court, in fact, *did* depart in this case. Defendant's argument appears foreclosed by caselaw rejecting the viability of appellate complaints from the beneficiary of a departure about the extent of such departure. *United States v. Pighetti,* 898 F.2d 3, 4–5 (1st Cir.1990).

Defendant posits, nonetheless, that we have jurisdiction to review whether a district court was mistaken as to the factors it was empowered to consider once it determined that a downward departure was warranted. But, a further barrier rises. The guidelines specifically speak to the ground upon which she bases district court error. "Family ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. § 5H1.6 (Nov. 1991).[3] Defendant seeks to draw a distinction between considering family circumstances as a basis for departure (which she concedes is barred by the guidelines in the "ordinary" case) and considering family circumstances in calculating the extent of departure once a departure (on some other ground) is granted.

Putting defendant's claim in context, she contends that once the government moved for departure based on her substantial assistance, that is, pursuant to U.S.S.G. § 5K1.1, it opened the door for the court to consider other factors, unrelated to assistance to the government, even those factors listed elsewhere as ordinarily irrelevant in determining the appropriateness of a departure. She contends that the court mistakenly believed that it did not have the discretion to consider her family circumstances in determining the extent of departure.[4] And, she contends, we have appellate jurisdiction to review this alleged error.

Despite defendant's care in crafting this argument, we have some difficulty in viewing this case as other than a complaint about the extent of a departure. Even were we to resolve our doubts about appellate jurisdiction in defendant's favor, we find the substance of defendant's argument unpersuasive.

We begin by quoting § 5K1.1:

Substantial Assistance to Authorities (Policy Statement)

 Upon motion of the government stating that the defendant has provided

---

**2.** According to defense counsel, defendant gave birth to a fourth child in February 1992. All of defendant's children are being cared for by family members during defendant's incarceration.

**3.** *See also* 28 U.S.C. § 994(e) ("The Commission shall assure that the guidelines and policy statements, in recommending a term of imprisonment or length of a term of imprisonment, reflect the general inappropriateness of considering the education, vocational skills, employment record, family ties and responsibilities, and community ties of the defendant.").

**4.** Although initially phrased as a request, *in the alternative,* for a downward departure due to family responsibilities, *see* Tr. at 10, defendant thereafter did argue to the district court that, once the government moves for a downward departure, the court may consider what, counsel argued, were unusual family circumstances in determining the extent of the departure, Tr. at 12–15. Rather than an alternative request, it would seem that counsel was actually arguing for an additional or further departure.

substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines. (a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of the defendant's assistance.

(Emphasis added).

■ Defendant emphasizes that this list of factors is expressly nonexhaustive. Nonetheless, we believe, as did the district court, that the rational construction of the underscored language is that any additional non-listed factors, which a court appropriately may consider, necessarily would relate to the substance of the initiating motion, i.e., a defendant's substantial assistance to authorities.

THE COURT: This is not—if the government makes a motion under 5K1.1, it is restricted in doing so in respect to the basis, therefore, to the benefit and effect of the defendant's cooperation and assistance to the government.

MR. MONTGOMERY: And that's the criteria.

THE COURT: Now, if that is the criterion, the basis upon which that motion is made, then I do not understand how it can be responsibly maintained that the Court should take into account in determining what the reduction should be, other factors for which the Court could not depart, in all probability, in any event.

The question here is what is an appropriate departure, in light of the benefit, significance, value of the cooperation of this defendant with the government, and what it may auger with respect to her disposition for purposes of rehabilitation. I don't see how you can meld together the value of her cooperation and her dier [sic] family circumstances that result from her own conduct which the guidelines themselves say is not a sufficient basis for downward departure, absent great uniqueness.

After counsel then read aloud, at the court's request, § 5K1.1, the following colloquy occurred:

THE COURT: But none of them involve any circumstance other than the evaluation of the significance, nature, extent and value of the assistance given to the government.

What I understood you to be saying, and I have understood right along for you to be saying, is that she has cooperated with the government and the government made a motion to that extent but to a certain extent there should be a departure downward.

You now want me to go beyond that and you give me two principal reasons for doing so, some disagreement with the government's assessment of the value of her cooperation, and; secondly, once the door is open for downward departure, you want me to consider the effect of her prolonged absence as a parent from her three children.

MR. MONTGOMERY: That's correct.

THE COURT: And that can['t] be done I suggest to you. That is not a proper basis for me to act under 5K1, unless you can read out of that language that that kind of consideration can be dealt with as a basis for 5K1.1 departure.

We, like the district court, find no support in the language of § 5K1.1 for defendant's argument that, once animated, § 5K1.1 does not cabin the grounds presented to the court to support a downward departure. *United States v. Thomas*, 930 F.2d 526, 529 (7th Cir.) (only factors relating to a defendant's cooperation can

support departure, pursuant to 18 U.S.C. § 3553 and U.S.S.G. § 5K1.1, for substantial assistance in the prosecution of another), *cert. denied,* — U.S. —, 112 S.Ct. 171, 116 L.Ed.2d 134 (1991).

 In any event, defendant's appeal flounders on a more fundamental ground. Her status as a single mother of three, (now four), young children simply is not, as she contends, an unusual family circumstance. In the end, defendant's postulation of § 5K1.1 as a vehicle for district court consideration of her family responsibilities matters little. Whether parental responsibilities under *extraordinary* circumstances can be the basis for a downward *departure* or, as defendant would argue, to calculate the *extent* of a departure, once a departure for substantial assistance to authorities is granted, is a question we do not reach. While we can sympathize with the effect of extended incarceration on her family unit, her single mother status is not an "idiosyncratic" circumstance, distinguishing her case from the "mine-run." *United States v. Aguilar–Pena,* 887 F.2d 347, 349–50 (1st Cir.1989). We think that the Commission was fully aware that some convicted felons are single parents of small children. *United States v. Carr,* 932 F.2d 67, 72 (1st Cir.) (responsibilities to young child are not outside the "heartland" of typical cases), *cert. denied,* — U.S. —, 112 S.Ct. 112, 116 L.Ed.2d 82 (1991); *see also United States v. Brand,* 907 F.2d 31, 33 (4th Cir.) ("[a] sole, custodial parent is not a rarity in today's society, and imprisoning such a parent will by definition separate the parent from the children"), *cert. denied,* — U.S. —, 111 S.Ct. 585, 112 L.Ed.2d 590 (1990).

Even accepting defendant's contention that the district court thought itself without authority, once it found a § 5K1.1 departure warranted, to grant a further departure on the basis of unusual family responsibilities, we still would be obliged to affirm. *See United States v. Rushby,* 936 F.2d 41, 42–43 (1st Cir.1991) (after granting a § 5K1.1 downward departure, a further departure due to, *inter alia,* defendant's function as main breadwinner and caretaker of two young sons when his wife is working could not have withstood legal challenge because those factors simply were not the unusual circumstances sufficient to justify departure). The facts presented do not show unusual circumstances.[5] *E.g., United States v. Mogel,* 956 F.2d 1555, 1565 (11th Cir.1992) (single mother of two minor children not exceptional circumstance warranting departure); *United States v. Headley,* 923 F.2d 1079, 1082–83 (3d Cir.1991) (single mother of five young children not extraordinary circumstance permitting departure); *United States v. Brand,* 907 F.2d at 33 (single mother of two minor children is not unique family responsibility justifying downward departure); *see also United States v. Carr,* 932 F.2d at 72–73 (parents' responsibilities to 4 year old son is not extraordinary circumstance justifying departure as to either parent); *United States v. Pozzy,* 902 F.2d 133, 138 (1st Cir.) (finding, as a matter of law, that none of the reasons given by the district court for the departure—pregnancy, marital relationship, the effect of her husband's punishment on defendant, and the lack of a halfway house in defendant's home state—justified a downward departure), *cert. denied,* — U.S. —, 111 S.Ct. 353, 112 L.Ed.2d 316 (1990); *cf. United*

---

5. The government makes a persuasive argument that the district court concluded that, even if it had the authority to consider a further departure as urged by defendant, it would decline to exercise that discretion so as to impose something less than a significant prison term. *See* Tr. at pp. 19–21; 37. We reject defendant's suggestion that we should completely ignore a district court's expression of an alternative basis for its ruling. After all, it was defendant who was advancing the argument that (1) the district court had the authority to consider unusual family circumstances as a factor in departing for substantial assistance to authorities and (2) it ought to do so. The district court merely indicated that even accepting (1), it declined (2). Defendant's unhappiness that the district court did not accept her argument in toto does not necessarily mean, as defendant would have it, "[a] judicial conclusion which is based upon a hypothetical acknowledgement of discretion can not be deemed considered judgment." Reply brief at p. 6. In any event, as the text indicates, defendant's family circumstances are not unusual.

*States v. Pena,* 930 F.2d 1486, 1494–95 (10th Cir.1991) (upholding departure based on aberrational character of conduct combined with defendant's responsibility to support a 2 month old infant, plus a 16 year old daughter, who herself had 2 month old infant); *see generally* Selya & Kipp, An Examination of Emerging Departure Jurisprudence Under the Federal Sentencing Guidelines, 67 Notre Dame L.Rev. 1, 33–34 (1991) (contrasting cases upholding departures involving a myriad of factors impacting on family life versus a single family circumstance, such as status as single parent).

The judgment of the district court is *affirmed.*[6]

**6.** We summarily reject defendant's contention that the district court improperly deferred to the government's recommendation as to the extent of departure. Rather than deferring, the transcript clearly indicates that the district court agreed with the government's recommendation, based on *its own* evaluation of the case. Tr. 19–21.