Andres DISHMEY, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civil No. 96–1104(JP).
Criminal No. 92–332(JP).

United States District Court,
D. Puerto Rico.

June 6, 1996.

Andrés Dishmey, Miami, Florida, pro se.

Epifanio Morales, Assistant United States Attorney, Hato Rey, P.R., for Defendant.

## OPINION AND ORDER

PIERAS, District Judge.

The Court has before it petitioner's motion for relief (docket No. 1) filed pursuant to 28 U.S.C. § 2255, seeking to modify the sentence imposed by this Court in Criminal Case No. 92–332(JP). The Court also has before it respondent's answer (docket No. 3). Since the record and motions filed in this case clearly demonstrate that the petitioner is not entitled to relief under 28 U.S.C. § 2255, his petition is hereby **DENIED** without a hearing.

## I. PROCEDURAL BACKGROUND

In December of 1992, a United States Coast Guard Cutter was patrolling the western shores of Puerto Rico when it detected a suspicious vessel travelling east approximately ten miles off the coast of Aguadilla. Two individuals, Elvin and Andres Dishmey, were on board. During a routine boarding, Coast Guard officials discovered a kilo-size package in plain view at the forward part of the vessel. A field test revealed the package's contents to be cocaine. Both Andres and Elvin were arrested and transported to Mayagüez, where they were turned over to the United States Customs Service. Petitioner, Andres Dishmey, was sentenced to sixty months of imprisonment and four years of supervised release after pleading guilty to possession with intent to distribute controlled substances on board a vessel and aiding and abetting, a class "B" felony.

## II. STANDARD FOR RELIEF

Section 2255 of Title 28 of the United States Code provides a mechanism for attacking the legality of a *sentence*. A petitioner may move to correct a sentence pursuant to 28 U.S.C. § 2255 only if: 1) the sentence was imposed in violation of the Constitution or laws of the United States, 2) the Court was without jurisdiction to impose such sentence, 3) the sentence was in excess of the maximum authorized by law, or 4) the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Non-constitutional or non-jurisdictional claims will not be addressed under a Section 2255 motion unless these claims involve exceptional circumstances which if unresolved would result in a complete miscarriage of justice. *Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994). Section 2255 "does not grant jurisdiction over a post-conviction claim attacking the execution, rather than the imposition or illegality of the sentence." *United States v. Di Russo*, 535 F.2d 673, 674 (1st Cir.1976).

## III. DISCUSSION OF PETITIONER'S MOTION FOR RELIEF

According to Mr. Dishmey, the Immigration and Naturalization Service intends to deport him as soon as his federal sentence is served and that as a result of his status as a "deportable alien" he is not allowed to participate in many prison programs enjoyed by other prisoners. Such programs include the opportunity for home confinement, furloughs, assignment to a halfway house, drug rehabilitation programs, etc. Petitioner requests modification of his sentence to include a

downward departure in light of his status as a deportable alien, suggesting unavailability of such benefits qualifies as mitigating circumstances not adequately taken into account by the Sentencing Commission in the promulgation of the guidelines.

Petitioner's motion suggests that the Bureau of Prisons' policy renders his imprisonment unduly harsh, thereby giving rise to mitigating circumstances that should have been considered by this Court upon sentencing. Thus, Mr. Dishmey requests that this Court modify his sentence now that it has been made aware of the conditions of his confinement. The Government asserts that the Immigration and Naturalization Service (INS) has merely lodged a detainer against petitioner, but has not yet initiated deportation proceedings. According to the Government, a detainer is merely an expression of the INS's intention to deport petitioner once he is released from confinement. However, the Government concedes that petitioner's status may prevent him from serving the last part of his sentence outside the prison because of Federal Bureau of Prisons regulations prohibiting the placement of deportable aliens in Community Corrections Centers.

■ The gravamen of petitioner's complaint goes to the manner in which his sentence is being executed, not the legality of his sentence. His true grievance is the Bureau of Prison's policy of prohibiting deportable aliens from participating in home confinement, furloughs, and other programs. Section 2255 does not grant jurisdiction over claims attacking the execution, rather than the imposition or illegality of a sentence. *Di Russo*, 535 F.2d at 674.

■ Even assuming that petitioner is attacking the legality of his sentence, § 2255 does not provide a basis for relief. The United States Supreme Court has held that claims that do not allege constitutional or jurisdictional errors in the imposition of a sentence will not be addressed under Section 2255 unless they involve exceptional circumstances which if unresolved would result in a complete miscarriage of justice. *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962), *reh'g denied*, 369 U.S. 808, 82 S.Ct. 640, 7 L.Ed.2d 556

(1962). We do not find that Mr. Dishmey's inability to participate in prison programs such as furloughs and home confinement presents exceptional circumstances which if left unresolved will result in a complete miscarriage of justice. It is perfectly rational that deportable aliens are subject to greater security, given the risk that they may flee in order to avoid deportation.

Mr. Dishmey also alleges that he is entitled to a sentence reduction based upon his "extraordinary" family circumstances. Defendant states that he was the sole supporter and provider of his wife, children and elderly mother. He states that his wife's health has deteriorated since his incarceration and his children have suffered psychologically. In other words, that his imprisonment is also affecting his entire family. Defendant relies on *United States v. Johnson*, 964 F.2d 124 (2d Cir.1992), for the proposition that extraordinary family circumstances are a valid reason for a downward departure.

With the exception of his wife's health, the circumstances plaintiff cites were present or foreseeable at the time of his sentencing and any downward departure based on such circumstances should have been sought at that time. Even if plaintiff's claim were subject to review pursuant to 28 U.S.C. § 2255, this Court would decline to grant relief based on the merits. We explain.

■ In determining whether to depart, a sentencing court should ask what features of the case take it outside the Guidelines' heartland, making it an unusual case and, secondly, whether the Commission has forbidden, encouraged, or discouraged departures based on those features. *United States v. Rivera*, 994 F.2d 942, 949 (1st Cir.1993). If the special features are discouraged features, the court should go on to decide whether the case differs from the ordinary case in which those features are present. *Id.*

■ Plaintiff claims that his case is unusual because he is the sole provider of his family, his wife's health has deteriorated since his incarceration and his children have suffered psychologically. Departures based on family circumstances and responsibilities are discouraged. U.S.S.G. § 5H1.5 ("Family

ties and responsibilities ... are not ordinarily relevant in determining whether a sentence should be outside the guidelines"). Even assuming defendant's case falls outside the Guidelines' heartland (which we doubt), it does not satisfy the *Rivera* requirement that it differ from the ordinary case in which family hardship is present. Many defendants have family members who rely on them for support, including elderly parents, and it was to be expected that plaintiff's incarceration would have some deleterious effect on the well-being of his wife and children. Plaintiff's circumstances are not unusual and certainly do not differ from the ordinary case in which such factors appear. *See United States v. Rushby,* 936 F.2d 41 (1st Cir.1991) (defendant's function as main breadwinner, caretaker of two young sons when his wife was working, and helper to his grandmother are not unusual circumstances sufficient to justify downward departure); *United States v. Carr,* 932 F.2d 67 (1st Cir.1991) (co-defendants' responsibilities to young child do not justify departure as to either parent); *United States v. Chestna,* 962 F.2d 103 (1st Cir. 1992) (effect of single mother's extended incarceration on her four young children did not distinguish her case from the "mine-run"); *United States v. Romero,* 32 F.3d 641 (1st Cir.1994) (district judge did not grant downward departure to Colombian defendant whose wife was murdered, whose three children were living with a sister who could not afford to support them and whose son had a rare blood disease, stating facts of case were not so different from most cases). Clearly, petitioner is not entitled to relief based on family hardship.

■ Plaintiff presents an additional claim which, being of constitutional statute, is cognizable under Section 2255. Plaintiff alleges his Sixth Amendment right to the effective assistance of counsel was violated. Whether petitioner's right to effective assistance of counsel embodied in the Sixth Amendment's guarantee of a right to counsel has been violated involves a two prong test: first, whether the performance of counsel fell below an objective standard of reasonableness, and second, whether counsel's performance was prejudicial to petitioner's case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to avoid examining counsel's conduct with the benefits of hindsight, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S.Ct. at 2065. Plaintiff must allege sufficient allegations to overcome the strong presumption that defense counsel provided adequate legal assistance. *Id.*

Petitioner claims his representation was objectively unreasonable because he cannot determine whether he was advised of his right to appeal because his attorney has not sent him copies of his plea agreement and sentencing transcripts, although he has requested them. Secondly, plaintiff alleges that counsel's failure to investigate possible mitigating circumstances rendered his assistance ineffective. Specifically, petitioner alleges that defense counsel's failure to raise issues relating to his "extraordinary" family circumstances rendered his assistance ineffective.

■ Petitioner's claims of ineffective assistance of counsel are wholly without merit. Petitioner's claim that his attorney has not sent him copies of his plea agreement and sentencing transcripts is inadequate to suggest that counsel's performance in representing petitioner was unreasonably deficient. Given that U.S.S.G. § 5H1.5 provides that family circumstances are ordinarily irrelevant in determining whether a downward departure is warranted, the failure of petitioner's counsel to request a downward departure based on his family circumstances cannot be classified as error, much less prejudicial error. Likewise, counsel's failure to request a downward departure based on petitioner's status as a deportable alien was not unreasonable. Counsel is not required to pursue every possible avenue for mitigation, no matter how tenuous. Petitioner was entitled to adequate representation, not unrelenting pursuit of every legal argument. In short, petitioner has failed to overcome the strong presumption that defense counsel provided adequate legal counsel. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**