USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1585 UNITED STATES, Appellee, v. JOSE TOMAS DISLA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Mary M. Lisi, U.S. District Judge] ___________________ ____________________ Before Cyr, Stahl and Lynch, Circuit Judges. ______________ ____________________ James E. Fitzgerald on brief for appellant. ___________________ Sheldon Whitehouse, United States Attorney, and Stephanie S. ___________________ _____________ Browne, Assistant United States Attorney, on brief for appellee. ______ ____________________ January 22, 1997 ____________________ Per Curiam. Jose Tomas Disla appeals from his sentence __________ on three grounds. First, he argues that the sentencing court erred in failing to grant him a reduction in his offense level for his role in the offense as a "minimal" or "minor" participant, pursuant to Section 3B1.2 of the United States Sentencing Guidelines. Second, Disla faults the court for failing to consider sua sponte a downward departure for ___ ______ aberrant behavior and extraordinary family circumstances. Finally, he raises a claim of ineffective assistance of counsel.  I. Role in the Offense ___________________ The guidelines define a "minimal" participant as "plainly among the least culpable of those involved in the conduct of a group. . . . [T]he defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." U.S.S.G. 3B1.2(a), comment. (n.1). A "minor" participant is defined as "less culpable than most other participants, but whose conduct could not be described as minimal." U.S.S.G. 3B1.2(b), comment. (n.3). At sentencing, Disla argued that his participation was "minimal." On appeal, for the first time, he argues that even if he did not qualify as a minimal participant, he should have received an adjustment for "minor" participation. -2- "Assessing a defendant's role in the offense is a fact- specific task, suggesting by its very nature 'that considerable respect be paid to the views of the nisi prius court.' It follows, therefore, that unless a mistake of law looms . . . [,] a sentencing court's determination of a defendant's role will be set aside only for clear error." United States v. Tejada-Beltran, 50 F.3d 105, 110-11 (1st ______________ ______________ Cir. 1995). The district court found that Disla was an "equal partner in the transaction. He knew the scope of the activity. He knew it was for the purchase of a large amount of cocaine. . . . He knew the location of where the drug was to be taken and sold." The record supports those findings. Disla was one of only two charged codefendants in the conspiracy to distribute cocaine. The record contains no evidence that there were participants other than Disla, his co-defendant and the government agents. Under those circumstances, the district court's assessment of Disla's role in the offense was not clearly erroneous. Disla's additional claims of legal error are also without merit. II. Downward Departure __________________ For the first time on appeal, Disla argues that the district court erred in failing to make a downward departure for aberrant behavior and extraordinary family circumstances. Disla's failure to request a downward departure on either -3- ground in the district court forecloses our consideration of the issue. See United States v. Field, 39 F.3d 15, 21 (1st ___ ______________ _____ Cir. 1994), cert. denied, __ U.S. __, 115 S. Ct. 1806 (1995). ____________ III. Ineffective Assistance of Counsel _________________________________ To the extent that Disla is arguing that he received ineffective assistance of counsel because his attorney did not move for a departure for aberrant behavior and extraordinary family circumstances, the claim is unavailing. The record contains scant evidence of family circumstances that would permit a departure. See United States v. Rushby, ___ _____________ ______ 936 F.2d 41, 42 (1st Cir. 1991) (holding, on record of similar family circumstances, that departure was not permitted). With respect to the failure to move for a departure based upon aberrant behavior, Disla has failed to "demonstrate that there was a reasonable probability that, but for counsel's [alleged] errors, the result in the proceeding would have been different." Carey v. United _____ ______ States, 50 F.3d 1097, 1101 (1st Cir. 1995). ______ The sentence is summarily affirmed. See Loc. R. 27.1. _________ ________ ___ -4-