# United States Court of Appeals
## For the First Circuit

No. 02-2099

UNITED STATES OF AMERICA,

Appellee,

v.

SYLVESTER GENDRAW, a/k/a SAMPSON,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]

Before

Howard, Circuit Judge,

and Bownes and R. Arnold,[*] Senior Circuit Judges.

Heidi B. Shore for appellant.
John A. Wortmann, Jr., Assistant United States Attorney, with
whom Michael J. Sullivan, United States Attorney, was on brief for
the United States.

July 28, 2003

---

[*]Of the United States Court of Appeals for the Eighth Circuit,
sitting by designation.

**R. ARNOLD, <u>Senior Circuit Judge</u>**.  As part of a plea agreement, Sylvester Gendraw pleaded guilty to two counts of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  Mr. Gendraw and the United States agreed that his base offense level was 32, that the District Court could give a three-level reduction for acceptance of responsibility, and that Mr. Gendraw qualified as a career offender under United States Sentencing Guidelines §§ 4B1.1 and 4B1.2.  The defendant, however, reserved the right to request a downward departure under § 4A1.3 of the Guidelines, on the basis that his designation as a career offender overstated his criminal history and the threat of recidivism.  The District Court accepted his plea, rejected his motion for a downward departure, and sentenced Mr. Gendraw to 151 months' imprisonment. Defendant is before this Court appealing the District Court's conclusion that it lacked the authority to grant a downward departure in this case.  We affirm.  The facts of this case do not come close to placing it outside the heartland of the Guidelines.

I.

Mr. Gendraw has a long history of convictions in both state and federal courts dating from 1983 to 1995.  His convictions, in chronological order, are:  two counts of assault and battery, one count of assault and battery (committed while on probation), one count of assault and battery with a dangerous

weapon (committed while on probation), larceny from a person and threat to commit a crime (committed while on probation), larceny from a person and assault and battery (committed while on probation), attempt to commit larceny from a person, armed home invasion and threats with intent to extort, witness intimidation, and possession of marijuana. The Pre-Sentence Investigatory Report indicated that he has also been arrested some eighteen additional times on various charges and has received seven disciplinary reports while incarcerated by the Commonwealth of Massachusetts. To say the least, Mr. Gendraw is not new to the criminal justice system.

It is undisputed that Mr. Gendraw qualifies as a career criminal on the basis of just three of these convictions: attempt to commit larceny from a person, armed home invasion and threats with intent to extort, and witness intimidation. His sole argument before the District Court was that he should receive a downward departure on the ground that his designation as a career criminal overstates his criminal history. He argued, and still maintains, that the less severe nature of his qualifying crimes and their remoteness in time provide sufficient grounds for a downward departure. The District Court denied the motion because the judge felt that he lacked the authority to grant it.

II.

Mr. Gendraw asks this Court to hold that the District Court erred in concluding that it lacked the authority to depart downward. We need not reach this question, however, because we conclude that even if the District Court was authorized to grant downward departures based upon the "smallness" of qualifying offenses and their age, Mr. Gendraw simply would not qualify.

As a general rule, this Court has no authority to review District Court decisions to deny a downward departure. When the District Court's conclusion is that it lacks the legal authority to depart, however, we will review this decision de novo. United States v. Snyder, 136 F.3d 65, 67 (1st Cir. 1998). Although departure decisions should be made by the sentencing judge in the first instance, see United States v. Hardy, 99 F.3d 1242, 1250 (1st Cir. 1996), where the record provides no basis for departure on any ground, we are not required to remand to the District Court. See United States v. Rushby, 936 F.2d 41, 42 (1st Cir. 1991).

This Court has held that § 4A1.3 departures are available to career offenders in some cases. United States v. Lindia, 82 F.3d 1154, 1165 (1st Cir. 1996). To be entitled to such a departure, however, the defendant must demonstrate that his case is so exceptional that it is set apart from typical cases. See United States v. Perez, 160 F.3d 87, 90 (1st Cir. 1998) (en banc) (per curiam) ("Under Koon, if an encouraged factor (e.g., criminal

-4-

history under § 4A1.3) is already taken into account by a Guideline (as is criminal history in the career offender guideline), 'the court should depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present.' "); see also United States v. Pearce, 191 F.3d 488, 497 (4th Cir. 1991) (recognizing that § 4A1.3 departures for career offenders "are reserved for the truly unusual case").

According to these cases, then, Mr. Gendraw would be eligible for a departure only if he could prove that his criminal background was so over-represented by his designation as a career criminal as to put him beyond the normal case in which the career-offender classification comes into play. He cannot make such a showing. A defendant is a career offender:

> if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. A felony qualifies as a crime of violence if the permissible term of imprisonment exceeds one year, and the crime "has as an element the use, attempted use or threatened use of physical force against another" or involves burglary of a dwelling,

arson, extortion, the use of explosives, or otherwise presents a "serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2.

All parties agree that Mr. Gendraw's convictions for armed home invasion and witness intimidation qualify as crimes of violence, as does his conviction for attempt to commit larceny from a person.  Mr. Gendraw argues, however, that because these convictions did not involve egregious behavior and because they occurred over ten years ago, his designation as a career offender overstates his criminal history and therefore exaggerates his danger of recidivism.  We do not find this argument persuasive.

Even assuming that these qualifying convictions, when considered alone, are so trivial and remote as to render Mr. Gendraw's case exceptional, Mr. Gendraw's argument faces an insurmountable hurdle because these are not his only convictions. Mr. Gendraw has been convicted of six other crimes, many of which were committed while he was on probation.  It is true that many of these convictions would not qualify him as a career offender and that we do not consider them in placing him in this category, but we cannot disregard them when trying to decide whether his designation so overstates his criminal history as to qualify him for a downward departure.  He has been given the benefit of the doubt many times, yet he has wholly failed to reform himself. Given that Mr. Gendraw has so many convictions, there is simply no

merit to his assertion that his designation as a career offender overstates his criminal history. We observe, in addition, that defendant's remoteness-in-time argument is weak. A considerable amount of time did pass between the defendant's last offense and his commission of the crime for which he is now being prosecuted, but the defendant was imprisoned during much of that time, with no opportunity to commit new crimes against the public.

In light of this conclusion, remanding this case would be pointless, as any decision by the District Court granting a downward departure would have to be reversed.[1] The District Court's refusal to grant Mr. Gendraw a downward departure is, therefore, affirmed.

---

[1]At oral argument, the United States asked this Court to address the question of whether any such ruling would be subject to de novo or abuse-of-discretion review in light of the PROTECT Act, Pub. Law No. 108-21 Sec. 401(d), 117 Stat. 650 (2003) (mandating de novo review of all downward departures). Because we feel that any downward departure would require reversal under either standard, we need not address this question.