**UNITED STATES of America, Appellee,**

v.

**Alina PEREZ, Defendant, Appellant.**

No. 96–2042.

United States Court of Appeals,
First Circuit.

Reheard May 6, 1998.

Decided Nov. 23, 1998.

Lenore Glaser with whom Stern, Shapiro, Weissberg & Garin was on brief for appellant.

Michael J. Pelgro, Assistant United States Attorney, with whom Donald K. Stern, United States Attorney, was on brief for appellee.

Before TORRUELLA, Chief Judge, ALDRICH, Senior Circuit Judge, SELYA, BOUDIN, STAHL and LYNCH, Circuit Judges.

## OPINION EN BANC

### PER CURIAM.

Defendant-appellant Alina Perez, convicted of federal controlled substance offenses and with a record of prior state controlled substance offenses, was sentenced as a career offender under the United States Sentencing Guidelines. She had asked for a downward departure, and appealed its denial. We remanded for clarification, but the district court's response did not change the result and she appeals again. After a divided panel affirmed, the panel opinion was withdrawn and rehearing en banc was granted because of the subject's importance. We again affirm.

Perez's indictment was on one count for conspiracy to distribute heroin and four counts of possession and distribution of heroin in furtherance of the conspiracy, in violation of 21 U.S.C. §§ 846 and 841(a)(1), respectively. She pled guilty to the conspiracy charge and to two of the distribution charges, and nolo contendre to the other two distribution charges. Because of two prior state controlled substance felony convictions, she met the career offender definition of U.S.S.G. § 4B1.1 (1995). Achieving career offender status meant an initial total offense level of thirty two, an automatic criminal history category of VI, the highest, and a guideline sentencing range of 151–188 months after a three level offense level reduction for acceptance of responsibility.

At her first sentencing hearing, Perez did not dispute the literal applicability of the career offender provision, but contended that she was a "small player," outside the heartland of career offenders, because the amounts of drugs, and her role in the offenses, had been small. She accordingly requested a downward departure under § 4A1.3, the departure Policy Statement, on the grounds that career offender treatment over-represented the "seriousness" of her criminal history, but the court refused. On appeal, we remanded for clarification of the court's basis in light of *United States v. Lindia*, 82 F.3d 1154 (1st Cir.1996), which we had recently decided, where we held § 4A1.3 generally applicable to career offenders. At resentencing Perez again requested departure under § 4A1.3. In response the court acknowledged *Lindia*, but stated it was limited to permissible considerations, or "factors," and that, in light of the Congressional mandate, alleged small player status was a "forbidden factor," beyond consideration for a downward departure. We quote.

A statute, 28 U.S.C. 994(h), mandates that a "career offender" as defined in the statute receive a sentence at or near the maximum term authorized. *See* § 4B1.1, Background. The definition of controlled substance offense specifies the minimum severity of offense that qualifies as one of the two offenses, that, at minimum, are needed to invoke the Career Offender provision. Thus, the congressional mandate does not speak of the medium-level controlled substance offense as the heartland for determining whether a person is a Career Offender. Instead, the minimum level offense that is sufficient to qualify for meeting the Career Offender test is within the heartland, by statutory mandate.

The court added that it would have granted a departure had it had discretion to do so. It did, however, once the sentence range had been calculated without that departure, take the lowest permitted as the final figure on the ground of Perez's relatively small role in the offenses.

Half the court[1] believes, as did the district judge, that the Commission's clear intendment is a categorical ban on downward de-

---

partures for size, while the other half[2] thinks that there may be an occasional case where smallness may form the basis for a departure. This division makes no difference in this case, since all six of us agree that the denial of a departure here is the right result. We explain the basis for our division, however, in the hope that Congress or the Sentencing Commission will clarify the situation in due course. In the meantime, we affirm the sentence in this case as the district court appropriately denied the downward departure that the defendant sought under any construction.

Those of us who believe the Commission's intent was never to make exceptions point to its unwavering calling for the maximum possible history regardless of the seriousness or lack of seriousness of the defendant's previous offenses; a total departure from its usual custom.[3] It is true that it does not say there should be no exceptions, but those of us who favor the district court's ruling not only point to this striking policy, but note its forcefulness. " 'Prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." USSG § 4B1.2 comment (n. 3). Why should there be thought a sudden (would-have-been-intended) reversal of policy for the smallness of the offense when the Commission forbids an exception for the smallness of the sentence? Those for affirmance believe the overall implication of no exception for small offenses speaks loudly, and squares completely with Congressional intent.

Three members of this court believe that the trial court was not correct that it is forbidden in all circumstances from considering whether an offender's prior criminal history is so overstated as to take her out of the heartland. A possibility exists that a felony drug offense, or the role of a defendant in it, might be of such an unusual character as to justify, or contribute to justifying, a downward departure. At a minimum, smallness[4] in combination with other factors can provide such a basis.

Guidelines § 4A1.3 allows a sentencing court to grant a departure from the mandated sentencing range when the "defendant's criminal history [is] significantly less serious than that of most defendants in the same criminal history category." Under § 4A1.3, a departure may be granted if "the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." Nothing in § 4A1.3 says this part of the Guidelines does not apply to career offenders. The language of § 4A1.3 says that, except specifically for criminal history category I offenders, both upward and downward departures are contemplated.

*Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), held that if a factor is not expressly forbidden, it may, at least in the exceptional case, serve as a basis for a departure. The only departure factors entirely forbidden by the Guidelines are: race, sex, national origin, creed, religion, and socioeconomic status, *see* U.S.S.G. § 5H1.10, lack of guidance as a youth, *see id.* § 5H1.12, drug or alcohol dependence, *see id.* § 5H1.4, and economic duress, *see id.* § 5K2.12. None of those are involved here. Far from being a forbidden factor, departures for atypical criminal history are specifically encouraged under U.S.S.G. § 4A1.3. *See United States v. Collins*, 122 F.3d 1297, 1304 (10th Cir.1997).

Congress certainly did not carve out an exception for career offenders from Guide-

---

2. Judges Boudin, Stahl and Lynch.

3. We note, in passing, that 28 U.S.C. § 994(h) makes reference to "at or near the maximum term," but this is separately treated. *Cf. United States v. LaBonte*, 70 F.3d 1396 (1st Cir.1995) *rev'd on other grounds* 520 U.S. 751, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997).

4. "Smallness" has been used in this case as a shorthand for the argument that the seriousness of the prior offense is overstated because the amounts of the drugs involved and the defendant's role in the offense are minimal.

lines heartland analysis,[5] and neither did the Sentencing Commission. The contrary view argues that, because the defendant's prior drug felonies are the reason she is categorized as a career offender, her prior crimes were already "adequately taken into consideration by the Sentencing Commission in formulating the guidelines," and therefore under 18 U.S.C. § 3553(b) cannot serve as the basis of a departure. We agree that the Commission did take prior felonies into account in formulating the career offender guidelines. That does not mean that the smallness of an offender's prior felony conviction may not even contribute to a finding of over-representation for purposes of U.S.S.G. § 4A1.3.

*Koon* explicitly addressed this issue. Under *Koon*, if an encouraged factor (e.g., criminal history under § 4A1.3) is already taken into account by a Guideline (as is criminal history in the career offender guideline), "the court should depart only if the factor is present to an *exceptional degree* or in some other way makes the case different from the ordinary case where the factor is present." *Koon*, 518 U.S. at 96, 116 S.Ct. 2035 (emphasis added). Since nothing in this case meets the *Koon* standard, we join in the affirmance of the defendant's sentence. A fuller discussion of this problem should await a future case in which it will make a difference to the outcome.

*Affirmed.*

---

**5.** The statute, 28 U.S.C. § 994(h), says: "The Commission shall *assure that the guidelines* specify a sentence to a term of imprisonment at or near the maximum term authorized for [career offenders]." *28 U.S.C. § 994(h)* (emphasis added). There is a difference between an instruction to the Commission that it produce Guidelines which specify certain terms of imprisonment and an instruction that the application of the Guidelines may never produce any other sentence, regardless of whether a case is atypical and falls outside of the heartland. Congress chose the former, not the latter. The Commission has indeed promulgated guidelines which "assure that the guidelines specify" the requisite *sentences*. Nothing, however, in § 994(h) requires that *every* offender who falls under the Guidelines provisions for career offenders receive the maximum sentence, nor does it require that § 4A1.3 not apply to career offenders.