# United States Court of Appeals
## For the First Circuit

No. 99-2121

UNITED STATES OF AMERICA,

Appellee,

v.

JOSE DE JESUS DELGADO-REYES,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Torruella, Chief Judge,
Coffin, Senior Circuit Judge,
and Selya, Circuit Judge.

Joseph C. Laws, Jr., Federal Public Defender, and Anita Hill-Adames, Assistant Federal Public Defender, on brief for appellant.
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant United States Attorney, and Thomas F. Klumper, Assistant United States Attorney, on brief for appellee.

March 29, 2001

**COFFIN, <u>Senior Circuit Judge</u>.**  This sentencing case arises from the chart-like arrangement of the Sentencing Guidelines table, which sets penalties for criminal conduct based both on the nature of the current offense (the offense level, plotted on the vertical axis) and on the number and severity of the defendant's prior convictions (the criminal history category, plotted on the horizontal axis).  The district court concluded that a provision barring relief from an enhancement to the base offense level (vertical departure) also cabined its discretion to depart from the assigned criminal history category (horizontal departure).  Because the Guidelines treat these two calculations separately, we conclude that the strictures of the offense level guideline do not apply to bar horizontal departures.

The particular provisions at issue here are Guideline 4A1.3, which permits departures from the criminal history category if that category "significantly over-represents the seriousness" of the defendant's prior offenses, and application note 5 of Guideline 2L1.2, which prohibits downward departures from the offense level for illegal re-entry after deportation for an aggravated felony unless a narrow set of conditions are met.  These particular guidelines apply to different axes of the sentencing calculus.  Application note five of Guideline 2L1.2

restricts vertical departures; Guideline 4A1.3 relates to horizontal departures. The district court declined to consider departing horizontally under Guideline 4A1.3 based on the prohibition against a vertical departure under Guideline 2L1.2. As we explain below, this legal error requires that we remand the case for re-sentencing.

When defendant-appellant pleaded guilty to illegal re-entry after deportation for a prior aggravated felony, the government stipulated to calculating his sentence under criminal history category (CHC) I because a higher category would be "overrepresentative" of his prior offenses.[1] Invoking Guideline 4A1.3, the government also urged that position at sentencing. Under CHC I, appellant would have been sentenced within the range of 37 to 46 months' imprisonment. Notwithstanding the parties' stipulation, the court sentenced appellant under the range prescribed by CHC III to 46 months. Coincidentally, the 46-month sentence falls at the top of the CHC I range and at the bottom of the CHC III range. But the court made it clear, and the judgment reflects, that the sentence was imposed under the CHC III range.

---

[1] Appellant's record would have placed him into criminal history category III absent the stipulation.

-4-

In disregarding the criminal history stipulation, the court relied on Guideline 2L1.2, which governs the calculation on the other axis, the offense level, for unlawful re-entry sentences. Under that provision, 16 levels are added to a defendant's base offense level if the defendant's deportation was predicated on a conviction for an aggravated felony. See U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2L1.2(b)(1)(A) (1998). Application note 5 of the guideline authorizes departures from the 16-level increase if defendant meets three conditions: (1) he has only one prior felony conviction; (2) it was not for a crime of violence or firearms offense; and (3) the term of imprisonment imposed did not exceed one year. Id. § 2L1.2, cmt. n.5 (adopted 1997). Here, appellant did not meet the third condition because he had been sentenced to more than a year for his aggravated felony conviction, a drug charge in New York. The court consequently declined to depart.

As both he and the government argued below, appellant contends that the court had discretion to depart under Guideline 4A1.3, the Sentencing Commission's policy statement on departures from the criminal history category, and that the sentencing court erroneously imported the limitation on offense level departures into the criminal history category setting. In other words, appellant asserts that these two guidelines govern

different types of departures: Guideline 2L1.2 controls the court's discretion to depart vertically from the 16-level enhancement to the _offense level_ calculation, while Guideline 4A1.3 concerns horizontal departures for all offenses in which the defendant's _criminal history_ is either under- or, in this case, over-represented.

We agree with appellant that the prerequisites of application note 5 govern only the decision to depart on the vertical axis of the table, i.e., from the 16-level aggravated felony enhancement in calculating the offense level. Nothing in that note refers to the criminal history category; by its terms, note 5 applies only to the offense level calculation under Guideline 2L1.2. We have previously recognized that the aggravated felony enhancement of that guideline serves a distinct punitive purpose (deterrence) apart from the concerns about recidivism reflected in the criminal history category. _See_ _United States_ v. _Zapata_, 1 F.3d 46, 49 (1st Cir. 1993); _accord_ _United States_ v. _Crawford_, 18 F.3d 1173, 1179-80 (4th Cir. 1994). We find no support for extending the explicit, limited reach of application note 5 to supersede another provision that governs a different factor in the sentencing calculation.

Application note 5 of Guideline 2L1.2, therefore, does not limit a court's discretion to depart horizontally where the prior record of an illegal re-entry defendant, just like any other, is over-represented by the assigned criminal history category. Cf. United States v. Perez, 160 F.3d 87, 89 (1st Cir. 1998) (en banc) (recognizing that "departures for atypical criminal history are specifically encouraged under U.S.S.G. § 4A1.3"). Thus, a defendant who is not qualified for a vertical departure because he fails to satisfy the requisites of application note 5 still may be entitled to a horizontal departure if the district court finds that the assigned criminal history category significantly over-represents the seriousness of defendant's prior convictions.

The government neither quibbles with this reading of the Guidelines, nor disavows its stipulation, but argues only that we are without jurisdiction to adjudicate this appeal because a sentencing court's discretionary refusal to depart is ordinarily not reviewable. See, e.g., United States v. Baltas, 236 F.3d 27, 39-40 (1st Cir. 2001) (holding that decisions not to depart horizontally are unreviewable unless the sentencing court committed legal error in making its determination). The well-established exception to this general rule, however, empowers us if the sentencing court did not realize it could

depart.  E.g., United States v. Clase-Espinal, 115 F.3d 1054, 1056 n.2 (1st Cir. 1997) ("Although a refusal to depart is not ordinarily appealable, the rule is otherwise if, as here, the district court refused on the ground that it lacked the authority to depart." (internal citation omitted)).  The government contends that the court was aware of its discretion, but refused to depart nonetheless.

The transcript of the sentencing hearing belies this contention.  The Judge gave this rationale for not departing:

> And this Court does not deem reasonable to depart in this case because[,] although the note may be interpreted as only applicable to the offense level and not the Criminal History Category[,] this Court deems that note number five of 2L1.2 is a warning to the Court of downward departing only if those three elements are present. . . . Hence, the Court cannot depart and will not depart.

The court's statement that it could not, and thus would not, depart reflects a view that it lacked authority.  Thus, we have jurisdiction to review that misapplication of the Guidelines.  See 18 U.S.C. § 3742(f)(1).[2]

The court imposed a sentence at the bottom of what it thought was the applicable range under CHC III.  If the court

---

[2]    "If the court of appeals determines that the sentence-- (1) was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate."  18 U.S.C. § 3742(f)(1).

had realized it was authorized to depart, and had accepted the government's stipulation that the CHC I range applied, as it seemed inclined to do, it could have imposed a sentence of nine fewer months. The government has stood by its stipulation throughout the plea and sentencing hearings and does not take a contrary position in this appeal. Given the court's apparent refusal to depart based on an erroneous view of the law, we remand for re-sentencing. Of course, under both the plea agreement and the Guidelines, the court retains the discretion to depart, or not, on remand. We express no opinion about the merits of such a departure. We merely hold that the court is authorized to do so.

Sentence vacated and remanded for re-sentencing.