# United States Court of Appeals
## For the First Circuit

No. 02-1861

UNITED STATES OF AMERICA,

Appellee,

v.

CARLOS RODRÍGUEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]

Before

Boudin, Chief Judge,

Selya and Lipez, Circuit Judges.

Peter B. Krupp, by appointment of the court, with whom Lurie & Krupp, LLP was on brief for appellant.
Denise Jefferson Casper, Assistant United States Attorney, with whom Michael J. Sullivan, United States Attorney, was on brief for appellee.

April 30, 2003

**BOUDIN**, **Chief Judge**.  The issue on this appeal is whether the district court's refusal to depart downward under the sentencing guidelines is reviewable.  Carlos Rodriguez pled guilty on August 29, 2001, to possession of heroin with intent to distribute.  21 U.S.C. § 841(a)(1) (2000).  In his plea agreement, he admitted making two sales, totaling 16.68 grams of heroin.  Because Rodriguez had two prior convictions for drug offenses, he qualified as a career offender under U.S.S.G. § 4B1.1, making his guideline range 151-188 months.  If he had not been a career offender, the range would instead have been 18-24 months.

Before sentencing, Rodriguez sought a downward departure for three reasons: that he had acted with a significantly reduced mental capacity, U.S.S.G. § 5K2.13;  that the career offender category overstated his risk of recidivism, U.S.S.G. § 4A1.3; and that he was especially vulnerable to prison abuse as "an effeminate gay man," see Koon v. United States, 518 U.S. 81, 111-12 (1996). The government opposed the request, arguing primarily that the facts of this case did not warrant a downward departure.

At sentencing on June 12, 2002, the court said to defense counsel: "You make a compelling argument.  But I think what, it seems to me that your argument relates to where in the scale, you know . . . the Sentencing Guidelines, where in the scale you fall. I mean, it seems to me that is where you are."  The court then went on to say, "I think you are making a very good argument for a

sentence at the low end of the guidelines."  After further discussion, the court stated that it would not grant the downward departure:

> The Court: Okay. I am going to deny the motion for downward departure.  And I am going to do it on the basis that I don't believe I have, on this record that I have authority which raises an appellate issue for you if you care to take advantage of it.  So I am denying it, as I say, because I don't feel as though I have authority on this record to grant it.  So that leaves us with the recommendation of 151 months; is that it?
>
> Defense Counsel: Your Honor, just for clarification on the Court's record, is the Court ruling that as a matter of law given what's before the Court that the Court does not have discretion to depart downward?
>
> The Court: Yes.
>
> ...
>
> Government: Your Honor, if I could ask for a clarification.  Is it the Court's position that you don't have authority as to each of the separate grounds?
>
> The Court: Yes.  Taken in its totality I don't have the authority to grant the defendant's motion for any of the reasons that are stated.

The district court then sentenced the defendant to 151 months' imprisonment, the minimum allowed within the guideline range.  The defendant has now appealed, arguing that the judge mistakenly thought that he did not have legal authority to depart on any of the grounds presented.  At the threshold, the appeal presents

the recurring issue of our authority to review the refusal to depart.

By statute, 18 U.S.C. 3742(a) (2000), refusals to depart are largely unreviewable. United States v. Vasquez, 279 F.3d 77, 79 (1st Cir. 2002); United States v. Tucker, 892 F.2d 8, 9-11 (1st Cir. 1989). In this circuit, an appellate court cannot review an alleged factual error, United States v. Dewire, 271 F.3d 333, 337-40 & n.5 (1st Cir. 2001), or a discretionary decision not to depart on the facts of the particular case, even if allegedly unreasonable, United States v. La Guardia, 902 F.2d 1010, 1012 (1st Cir. 1990). This is an unusual restriction but follows the historic pre-guideline practice.

Despite the statute, the courts have held that they can review a refusal to depart where the refusal rests upon a legal mistake, such as a mistaken assumption that a particular ground is generically impermissible as a basis for a departure. Vasquez, 279 F.3d at 79. Review in such cases is de novo. United States v. Louis, 300 F.3d 78, 81 (1st Cir. 2002). The initial question here is whether the district court's refusal to depart rested on a legal determination at all, regardless of its correctness.

The district court's statement of its reason for denying a departure is ambiguous. Specifically, the district court's statements taken together could mean that, in the court's view, none of the reasons offered for a departure fell within a legal

-4-

category allowing departures. Alternatively, they could mean that one or more reasons did (or might) fall in such a category allowing departures but, on the facts of the case, the judge was not persuaded to grant a departure (e.g., because the judge did not think that the factor or factors were present to a degree that would justify a departure).

In either case, a court might express itself, as the district judge did in this case, by saying that he did not have the "authority" to depart. The difficulty is that one of the two likely meanings presents an issue of law for review by the appellate court de novo and the other does not permit appellate review at all. Often it is clear enough from other remarks or the surrounding circumstances which meaning the district court intended, e.g., United States v. LeBlanc, 24 F.3d 340 (1st Cir.), cert. denied, 513 U.S. 896 (1994); but where there is serious doubt, often the remedy is to remand, United States v. Russell, 870 F.2d 18, 20-21 (1st Cir. 1989), unless the ground or grounds asserted are categorically unavailable and a remand would be a waste of time.

In this instance, one might conjecture that the district court thought that the three reasons offered were available categories for a departure and was simply making a discretionary decision not to depart. Two of the three grounds are well-established; the third ground has an undoubted basis in the guidelines, although the government has an argument (which we do not

reach) as to why it is categorically inapplicable in this case. In addition, the district court's introductory comments quoted above, made before the formal denial, suggested that it doubted whether the factors were present to a degree warranting a departure.

On the other hand, the district court also invited the defendant to appeal. Under well-established law, the defendant may not do so if the district court meant that, although the types of reasons given were permissible, the circumstances were not present to a degree that persuaded the district court to grant a departure. This could suggest that the district court thought that a ground that it could otherwise rely upon to grant a departure was categorically unavailable, although nothing in the remarks from the bench indicates what ground this was or what precise legal doubts were entertained by the district court.

The government urges us to affirm anyway, arguing in substance that none of the reasons given--even if categorically permissible--is present to a degree that would warrant a departure. Although a refusal to depart on discretionary grounds is normally unreviewable, a departure (upward or downward) is reviewable for abuse of discretion. Vasquez, 279 F.3d at 79. So the government, in substance, is asking us to look at the circumstances of this case and conclude that a departure would be an abuse of discretion and thus that a remand would be a fruitless gesture.

In some cases this could be an appropriate ground for an affirmance, but it can cast a significant burden on the reviewing court, which we see no reason to carry in this case. To resolve this issue, we would have to imagine the precise facts that the district court would find pertinent to each of the three grounds-- since it might in theory rely on any of the three--and then further imagine how it would explain the basis for its judgment that the degree or character of the showing persuaded the district court that the case was sufficiently exceptional to justify a departure. And, as to both, the matter is further complicated because under current law we would owe some deference to the district court's factual findings and reasoning, although not its legal judgments. <u>Koon</u>, 518 U.S. at 98.

It will be easy on remand for the district court to say, as to each of the three grounds, whether its decision rests on a categorical rejection of the reason offered because the court deems it <u>legally</u> unavailable (or conceivably because of some other legal rule bearing on the availability of the ground) or whether, accepting or at least not categorically rejecting the ground, it thinks that "degree," lack of persuasive proof, or like considerations do not warrant a departure. It is then free to re-sentence and, if either side is dissatisfied, that side can appeal-- assuming there is an appealable issue.

Terseness is doubtless a virtue in a busy district court; but saying that the court does not have the "authority" to depart is perhaps just a shade too terse. Sometimes a district judge may be tempted to give the heavily sentenced defendant some small comfort by telling him that he can appeal the sentence, even if the court intends only a discretionary and thereby unappealable denial of a requested departure. But these comments do not help the defendant in the end and only serve to create confusion on the appeal and more work on remand.

The judgment is <u>vacated</u> solely as to the sentence and the matter <u>remanded</u> for resentencing consistent with this decision.

<u>It is so ordered</u>.