**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-2240

UNITED STATES OF AMERICA,
Appellee,

v.

EDWARD J. CRONIN,
Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro,  U.S. District Judge]

Before

Selya, Circuit Judge,
Coffin and Porfilio,* Senior Circuit Judges.

Francis J. DiMento, with whom DiMento & Sullivan and Jason A. Kosow were on brief, for appellant.
Samuel W. Buell, Assistant United States Attorney, with whom Michael J. Sullivan, United States Attorney, was on brief, for appellee.

May 14, 2003

_____

*Of the Tenth Circuit, sitting by designation.

**Per Curiam**. At sentencing in this case, the defendant sought a downward departure on a number of stated grounds. Although these included several familiar departure categories, the district court said that "as a matter of law [it] ha[d] no power to grant [the] request for downward departure." In context, this statement partakes of the same inherent ambiguity as the comparable statement made by the same judge in United States v. Rodriguez, No. 02-1861 (1st Cir. Apr. 30, 2003). For all practical purposes, then, the disposition of this appeal is controlled by our opinion in Rodriguez. We therefore vacate the defendant's sentence and remand to the district court for further proceedings consistent with Rodriguez.

On remand, the district court may either essay a departure, making factual findings sufficient to justify such a step, or decline to depart and say, as to each of the proffered grounds for departure, whether its decision rests on a categorical rejection of the reason offered (because the court deems it legally unavailable) or whether, accepting or at least not categorically rejecting the ground, it thinks that "degree," lack of persuasive proof, or other considerations do not justify a departure. The district court should then resentence the defendant and, if either side is dissatisfied, that side can appeal so long as the sentencing determination entails an appealable issue.

We need go no further.  We take no view, at this time, as to whether the facts proffered by the defendant would, if proven, justify the district court in departing downward.  That judgment cannot be made in a vacuum, but, rather, requires particularized factual findings.

**<u>Vacated and remanded</u>**.