**UNITED STATES of America,
Appellee,**

v.

**Ralph MAYES, a/k/a "Pops,"
Defendant, Appellant.**

**No. 02–1671.**

United States Court of Appeals,
First Circuit.

Heard March 5, 2003.

Decided June 16, 2003.

Michael F. Natola, with whom McBride and Natola were on brief for appellant.

John A. Wortmann, Jr., Assistant United States Attorney, with whom Michael J. Sullivan, United States Attorney, was on brief for appellee.

Before HOWARD, Circuit Judge, CAMPBELL and CYR, Senior Circuit Judges.

CYR, Senior Circuit Judge.

Ralph Mayes was indicted in July 2000 for selling .63 grams of crack cocaine to an undercover police officer, *see* 21 U.S.C. § 841(a)(1), and subsequently pled guilty. Mayes now challenges the 151–month prison sentence imposed upon him by the district court.

As Mayes has multiple prior felony convictions for violent crimes or drug offenses, the controlling Sentencing Guidelines provision mandated a base offense

level of 32 and a criminal history category (CHC) of VI. *See* U.S.S.G. § 4B1.1. Mayes objected to the presentence report and requested a downward departure, contending that CHC VI over-represented the actual seriousness of his criminal history and the likelihood that he would commit further crimes. *See id.* § 4A1.3.

At sentencing, defense counsel apprised the district court: "[W]e're faced with a very, very steep sentence in this case for the commission of an offense that involves a very, very small amount of drugs [*viz.*, .63 grams]." The district court then observed: "The trouble is, as I see it, it's the amount of drugs that tips the balance." Defense counsel responded that "the only avenue of relief for Mr. Mayes under the guidelines, if there is any, would be for the Court to make a finding that his prior criminal record overstates ... the severity of his prior criminal record .... [and] Mr. Mayes [twice] has attempted to deal with and to overcome what has been a lifelong problem with substance abuse." No particulars were offered regarding any such rehabilitation efforts.

Prior to imposing the 151–month term of imprisonment, the district court stated:

I do not believe that I have any discretion to depart below the guideline sentences in this case. And I am deliberately making such a statement because that is the ground upon which, if I am in error, you can appeal and the Court of Appeals can inform me that they believe I do not have the authority to depart downward. And if I do [have discretion], I will.

Whereupon the district court sentenced Mayes to a term of imprisonment at the low end of the applicable guideline sentencing range ("GSR").[1]

1. The district court reduced the applicable      offense level from 32 to 29 (151–188 months)

Mayes maintains that the district court mistakenly assumed that it lacked the discretionary power to depart downward in a career-offender case, whereas U.S.S.G. § 4A1.3 specifically permits such departures provided the district court determines that the CHC over-represents the seriousness of the defendant's criminal history. On appeal, the district court ruling that it lacked the authority to exercise its discretion to depart is subject to *de novo* review. *See United States v. Ahlers,* 305 F.3d 54, 56 (1st Cir.2002).

A criminal sentence may not deviate from the applicable GSR unless there is some aggravating or mitigating factor, not adequately considered by the Sentencing Commission, which removes the defendant's case from the "heartland." *See* 18 U.S.C. § 3553(b); *Koon v. United States,* 518 U.S. 81, 92–93, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *United States v. Martin,* 221 F.3d 52, 56–57 (1st Cir.2000). Even if a defendant were to qualify as a career offender under U.S.S.G. § 4B1.1, however, the Sentencing Guidelines explicitly invite horizontal CHC departures where the CHC otherwise ascribed to the defendant would not fairly reflect the gravity of the defendant's criminal history. *See* U.S.S.G. § 4A1.3; *United States v. Lindia,* 82 F.3d 1154, 1165 (1st Cir.1996).[2]

At sentencing, defense counsel asserted that "the *only avenue* of relief for Mr.

Mayes under the guidelines, if there is any, would be for the Court to make a finding that his prior criminal record overstates ... the severity of his prior criminal record." Mayes maintains in his appellate brief that the district court erred in ruling that it could not grant a downward departure under § 4A1.3 based on the relatively small quantity of illicit drugs involved in the offense of conviction. At oral argument, however, Mayes' counsel abandoned that dubious contention, stating instead that this factor would not be an appropriate ground for a § 4A1.3 departure in that it does not relate to the seriousness *vel non* of Mayes' *earlier* criminal conduct: *Cf. United States v. Perez,* 160 F.3d 87, 88 (1st Cir.1998) (addressing availability of § 4A1.3 departures under § 4B1.1 where *past* predicate offenses purportedly involved small quantities of drugs).[3] Consequently, we decline to address the abandoned contention. *See United States v. Allen,* 990 F.2d 667, 671 n. 1 (1st Cir.1993).

There remains the argument that the statements the district court made at sentencing did not relate to the merits of the legal contention abandoned by Mayes on appeal. The record reflects that Mayes raised two distinct concerns: (1) the relatively small quantity of drugs involved in the offense of conviction; and (2) the overstated CHC resulting from the failure to take into account his prior drug rehabilita-

---

based on Mayes' acceptance of responsibility.

**2.** *Lindia* remains binding precedent, *see United States v. Chhien,* 266 F.3d 1, 11 (1st Cir. 2001) (noting that newly-constituted panels must adhere to decisions of prior panels), *cert. denied,* 534 U.S. 1150, 122 S.Ct. 1114, 151 L.Ed.2d 1008 (2002), even though its durability has been questioned in *United States v. Perez,* 160 F.3d 87 (1st Cir.1998) (en banc), where the *en banc* court was evenly divided as to whether *Lindia* should be overruled, at least with respect to whether the "smallness" of a prior offense may be considered under

§ 4A1.3. *Id.* at 88–89. *But see United States v. Mendoza–Gonzalez,* 318 F.3d 663, 667 n. 5 (5th Cir.2003) ("Decisions by an equally divided *en banc* court have no value as binding precedent.").

**3.** The government maintained, for example, that the small quantity of drugs involved in an offense of conviction can never be a ground for a downward departure, since § 4B1.3 base offense levels are already differentiated on the basis of drug weight. *See, e.g., United States v. Tejeda,* 146 F.3d 84, 87 (2d Cir.1998).

tion efforts.[4] Conceivably, the final comment made by the district court—that it lacked the discretionary power to depart—related to Mayes' second concern. If so, it is possible to argue, as Mayes now does, that the district court erred in failing to recognize that, in appropriate cases, a downward departure may be allowed where the CHC seriously overstates a defendant's criminality. Yet even if the district court's statement were considered ambiguous on this score, so as to permit such a construction, we perceive no sufficient reason for a remand.

Our recent decision in *United States v. Rodriguez*, 327 F.3d 52 (1st Cir.2003) notes that "[i]n some cases," where the judge's comments are ambiguous, the fact that a remand for clarification would be a "fruitless gesture" could be an appropriate ground for affirmance. *Id.* at 55. The instant case fits precisely into the exception announced in *Rodriguez*. Unlike *Rodriguez*, where we would have been placed under a significant and unreasonable decisional burden absent the district court's clarification on remand, on the record in the present case we are satisfied that any § 4A1.3 departure would have constituted an abuse of discretion, plain and simple.[5] Thus, whatever might be made of the ambiguous statement by the district court below, we can discern no purpose which would be served by a remand.

Although in principle drug rehabilitation efforts may warrant a departure under § 4A1.3, it is for the defendant to demonstrate that any such efforts were in fact "exceptional." *United States v. Craven*, 239 F.3d 91, 99–100 (1st Cir.2001) ("The touchstone of extraordinary rehabilitation is a fundamental change in attitude."). Without more, the cursory reference to the efforts Mayes made to comply with two short-lived, unsuccessful, court-imposed, drug-treatment regimens, utterly failed to meet the required benchmark.

Yet more importantly, whatever mitigating factors may have been present, other elements of Mayes' criminal history place him squarely within the career-offender "heartland," thus warranting an incarcerative sentence of substantial duration. Even assuming there may be cases in which CHC VI overstates the seriousness of a career offender's record, or the prospects of recidivism, *see Lindia*, 82 F.3d at 1165, the criminal record in the instant case demonstrates beyond serious question that the comparatively lenient sentences imposed upon Mayes in the past, ranging from 6 to 24 months, generated little, if any, deterrent effect. *See* U.S.S.G. § Ch.4, Pt. A, intro. comment. (describing policy goals underlying career-offender provision). Mayes committed not only the two predicate offenses that triggered his career-offender status, but a total of eight serious felonies, including larceny, armed

---

4.  Mayes now alludes to several other considerations—such as his troubled childhood, lifelong drug addiction, and the relatively short prison terms previously imposed upon him—as putative mitigating factors under § 4A1.3. Since Mayes failed to assert these claims at sentencing, however, we deem them waived. *See United States v. Falu–Gonzalez*, 205 F.3d 436, 440 (1st Cir.2000). Further, drug addiction, a troubled childhood and/or prior leniency do not constitute permissible bases for departing below the GSR. *See* U.S.S.G. §§ 5H1.4; 5H1.12; *United States v. Black*, 78 F.3d 1, 9 (1st Cir.1996) (noting that § 4A1.3

lists defendant's unresponsiveness to prior leniency as a ground for an *upward* departure).

5.  Effective April 30, 2003, Congress enacted Public Law No. 108–21, which provides *inter alia* that, in reviewing guidelines departures, we "shall review de novo the district court's application of the guidelines to the facts." The government has not raised the question of the new statute's applicability to the instant case, and since we discern no abuse of discretion, it is unnecessary for us to reach that issue. *See United States v. Thornberg*, 326 F.3d 1023, 1026 n. 4 (8th Cir.2003).

assault, and distributing illegal drugs within a school zone. *See United States v. Black*, 78 F.3d 1, 9 (1st Cir.1996) (pointing to "frequency" of prior offenses as an indicium that defendant would recidivate). Furthermore, many of these offenses were committed in rapid succession, *see United States v. Chapman*, 241 F.3d 57, 64 (1st Cir.2001) (noting defendant's tendency promptly to recidivate), while on probationary release from prison, *see United States v. Doe*, 18 F.3d 41, 47 (1st Cir.1994) (holding that commission of offenses while on probation constitutes an aggravating factor relevant to departure decision).

Far from mere aberrant behavior, Mayes accumulated four convictions for either possessing or distributing illicit drugs during the eight-year period between 1993 and 2001. *See* U.S.S.G. § Ch.4, Pt. A, intro. comment. ("Repeated criminal behavior is an indicator of a limited likelihood of successful rehabilitation."); *United States v. Fahm*, 13 F.3d 447, 451 (1st Cir.1994) (noting that recidivism is more likely where defendant repeatedly committed the *same type* of crime as the offense of conviction). Furthermore, at the time he was arrested for the offense of conviction in May 2001, Mayes was confronting drug charges in state court. *See* U.S.S.G. § 4A1.3(d) (providing that court may consider horizontal CHC departure where "defendant was pending trial or sentencing on another charge at the time of the [offense of conviction]").

In these circumstances the district court reasonably could not have concluded that Mayes was other than a prototypical recidivist targeted by the career-offender provisions in U.S.S.G. § 4B1.1. Accordingly, the district court judgment must be affirmed.

*AFFIRMED.*