USCA1 Opinion

 

United States Court of Appeals

For the First Circuit

No. 02-1671

UNITED STATES OF AMERICA,

Appellee,

v.

RALPH MAYES, A/K/A "POPS,"

Defendant, Appellant.

 

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Morris E. Lasker, Senior U.S. District Judge]

 

Before

Howard, Circuit Judge,

Campbell and Cyr, Senior Circuit Judges.

 

 Michael F. Natola, with whom McBride and Natola were on brief
for appellant.

 John A. Wortmann, Jr., Assistant United States Attorney, with
whom Michael J. Sullivan, United States Attorney, was on brief for
appellee.

 

June 16, 2003

 

 CYR, Senior Circuit Judge. Ralph Mayes was indicted in
July 2000 for selling .63 grams of crack cocaine to an undercover
police officer, see 21 U.S.C. § 841(a)(1), and subsequently pled
guilty. Mayes now challenges the 151-month prison sentence imposed
upon him by the district court.

 As Mayes has multiple prior felony convictions for
violent crimes or drug offenses, the controlling Sentencing
Guidelines provision mandated a base offense level of 32 and a
criminal history category (CHC) of VI. See U.S.S.G. § 4B1.1. 
Mayes objected to the presentence report and requested a downward
departure, contending that CHC VI over-represented the actual
seriousness of his criminal history and the likelihood that he
would commit further crimes. See id. § 4A1.3.

 At sentencing, defense counsel apprised the district
court: "[W]e're faced with a very, very steep sentence in this
case for the commission of an offense that involves a very, very
small amount of drugs [viz., .63 grams]." The district court then
observed: "The trouble is, as I see it, it's the amount of drugs
that tips the balance." Defense counsel responded that "the only
avenue of relief for Mr. Mayes under the guidelines, if there is
any, would be for the Court to make a finding that his prior
criminal record overstates . . . the severity of his prior criminal
record. . . . [and] Mr. Mayes [twice] has attempted to deal with
and to overcome what has been a lifelong problem with substance
abuse." No particulars were offered regarding any such
rehabilitation efforts.

 Prior to imposing the 151-month term of imprisonment, the
district court stated:

 I do not believe that I have any discretion to
depart below the guideline sentences in this
case. And I am deliberately making such a
statement because that is the ground upon
which, if I am in error, you can appeal and
the Court of Appeals can inform me that they
believe I do not have the authority to depart
downward. And if I do [have discretion], I
will.

Whereupon the district court sentenced Mayes to a term of
imprisonment at the low end of the applicable guideline sentencing
range ("GSR"). (1)

 Mayes maintains that the district court mistakenly
assumed that it lacked the discretionary power to depart downward
in a career-offender case, whereas U.S.S.G. § 4A1.3 specifically
permits such departures provided the district court determines that
the CHC over-represents the seriousness of the defendant's criminal
history. On appeal, the district court ruling that it lacked the
authority to exercise its discretion to depart is subject to de
novo review. See United States v. Ahlers, 305 F.3d 54, 56 (1st
Cir. 2002).

 A criminal sentence may not deviate from the applicable
GSR unless there is some aggravating or mitigating factor, not
adequately considered by the Sentencing Commission, which removes
the defendant's case from the "heartland." See 18 U.S.C. §
3553(b); Koon v. United States, 518 U.S. 81, 92-93 (1996); United
States v. Martin, 221 F.3d 52, 56-57 (1st Cir. 2000). Even if a
defendant were to qualify as a career offender under U.S.S.G. §
4B1.1, however, the Sentencing Guidelines explicitly invite
horizontal CHC departures where the CHC otherwise ascribed to the
defendant would not fairly reflect the gravity of the defendant's
criminal history. See U.S.S.G. § 4A1.3; United States v. Lindia,
82 F.3d 1154, 1165 (1st Cir. 1996). (2)

 At sentencing, defense counsel asserted that "the only
avenue of relief for Mr. Mayes under the guidelines, if there is
any, would be for the Court to make a finding that his prior
criminal record overstates . . . the severity of his prior criminal
record." Mayes maintains in his appellate brief that the district
court erred in ruling that it could not grant a downward departure
under § 4A1.3 based on the relatively small quantity of illicit
drugs involved in the offense of conviction. At oral argument,
however, Mayes' counsel abandoned that dubious contention, stating
instead that this factor would not be an appropriate ground for a
§ 4A1.3 departure in that it does not relate to the seriousness vel
non of Mayes' earlier criminal conduct. Cf. United States v.
Perez, 160 F.3d 87, 88 (1st Cir. 1998) (addressing availability of
§ 4A1.3 departures under § 4B1.1 where past predicate offenses
purportedly involved small quantities of drugs). (3) Consequently, we
decline to address the abandoned contention. See United States v.
Allen, 990 F.2d 667, 671 n.1 (1st Cir. 1993).

 There remains the argument that the statements the
district court made at sentencing did not relate to the merits of
the legal contention abandoned by Mayes on appeal. The record
reflects that Mayes raised two distinct concerns: (1) the
relatively small quantity of drugs involved in the offense of
conviction; and (2) the overstated CHC resulting from the failure
to take into account his prior drug rehabilitation efforts. (4)
Conceivably, the final comment made by the district court - that
it lacked the discretionary power to depart - related to Mayes'
second concern. If so, it is possible to argue, as Mayes now does,
that the district court erred in failing to recognize that, in
appropriate cases, a downward departure may be allowed where the
CHC seriously overstates a defendant's criminality. Yet even if
the district court's statement were considered ambiguous on this
score, so as to permit such a construction, we perceive no
sufficient reason for a remand.

 Our recent decision in United States v. Rodriguez, 327
F.3d 52 (1st Cir. 2003) notes that "[i]n some cases," where the
judge's comments are ambiguous, the fact that a remand for
clarification would be a "fruitless gesture" could be an
appropriate ground for affirmance. Id. at 55. The instant case
fits precisely into the exception announced in Rodriguez. Unlike
Rodriguez, where we would have been placed under a significant and
unreasonable decisional burden absent the district court's
clarification on remand, on the record in the present case we are
satisfied that any § 4A1.3 departure would have constituted an
abuse of discretion, plain and simple. (5) Thus, whatever might be
made of the ambiguous statement by the district court below, we can
discern no purpose which would be served by a remand.

 Although in principle drug rehabilitation efforts may
warrant a departure under § 4A1.3, it is for the defendant to
demonstrate that any such efforts were in fact "exceptional." 
United States v. Craven, 239 F.3d 91, 99-100 (1st Cir. 2001) ("The
touchstone of extraordinary rehabilitation is a fundamental change
in attitude."). Without more, the cursory reference to the efforts
Mayes made to comply with two short-lived, unsuccessful, court-imposed, drug-treatment regimens, utterly failed to meet the
required benchmark.

 Yet more importantly, whatever mitigating factors may
have been present, other elements of Mayes' criminal history place
him squarely within the career-offender "heartland," thus
warranting an incarcerative sentence of substantial duration. Even
assuming there may be cases in which CHC VI overstates the
seriousness of a career offender's record, or the prospects of
recidivism, see Lindia, 82 F.3d at 1165, the criminal record in the
instant case demonstrates beyond serious question that the
comparatively lenient sentences imposed upon Mayes in the past,
ranging from 6 to 24 months, generated little, if any, deterrent
effect. See U.S.S.G. § Ch.4, Pt. A, intro. comment. (describing
policy goals underlying career-offender provision). Mayes
committed not only the two predicate offenses that triggered his
career-offender status, but a total of eight serious felonies,
including larceny, armed assault, and distributing illegal drugs
within a school zone. See United States v. Black, 78 F.3d 1, 9
(1st Cir. 1996) (pointing to "frequency" of prior offenses as an
indicium that defendant would recidivate). Furthermore, many of
these offenses were committed in rapid succession, see United
States v. Chapman, 241 F.3d 57, 64 (1st Cir. 2001) (noting
defendant's tendency promptly to recidivate), while on probationary
release from prison, see United States v. Doe, 18 F.3d 41, 47 (1st
Cir. 1994) (holding that commission of offenses while on probation
constitutes an aggravating factor relevant to departure decision). 

 Far from mere aberrant behavior, Mayes accumulated four
convictions for either possessing or distributing illicit drugs
during the eight-year period between 1993 and 2001. See U.S.S.G.
§ Ch.4, Pt. A, intro. comment. ("Repeated criminal behavior is an
indicator of a limited likelihood of successful rehabilitation.");
United States v. Fahm, 13 F.3d 447, 451 (1st Cir. 1994) (noting
that recidivism is more likely where defendant repeatedly committed
the same type of crime as the offense of conviction). Furthermore,
at the time he was arrested for the offense of conviction in May
2001, Mayes was confronting drug charges in state court. See
U.S.S.G. § 4A1.3(d) (providing that court may consider horizontal
CHC departure where "defendant was pending trial or sentencing on
another charge at the time of the [offense of conviction]"). 

 In these circumstances the district court reasonably
could not have concluded that Mayes was other than a prototypical
recidivist targeted by the career-offender provisions in U.S.S.G.
§ 4B1.1. Accordingly, the district court judgment must be
affirmed.

 AFFIRMED.
1. The district court reduced the applicable offense level from
32 to 29 (151-188 months) based on Mayes' acceptance of
responsibility.
2. Lindia remains binding precedent, see United States v.
Chhien, 266 F.3d 1, 11 (1st Cir. 2001) (noting that
newly-constituted panels must adhere to decisions of prior panels),
cert. denied, 534 U.S. 1150 (2002), even though its durability has
been questioned in United States v. Perez, 160 F.3d 87 (1st Cir.
1998) (en banc), where the en banc court was evenly divided as to
whether Lindia should be overruled, at least with respect to
whether the "smallness" of a prior offense may be considered under
§ 4A1.3. Id. at 88-89. But see United States v. Mendoza-Gonzalez,
318 F.3d 663, 667 n.5 (5th Cir. 2003) ("Decisions by an equally
divided en banc court have no value as binding precedent.").
3. The government maintained, for example, that the small
quantity of drugs involved in an offense of conviction can never be
a ground for a downward departure, since § 4B1.3 base offense
levels are already differentiated on the basis of drug weight. 
See, e.g., United States v. Tejeda, 146 F.3d 84, 87 (2d Cir. 1998).
4. Mayes now alludes to several other considerations -- such as
his troubled childhood, life-long drug addiction, and the
relatively short prison terms previously imposed upon him -- as
putative mitigating factors under § 4A1.3. Since Mayes failed to
assert these claims at sentencing, however, we deem them waived. 
See United States v. Falu-Gonzalez, 205 F.3d 436, 440 (1st Cir.
2000). Further, drug addiction, a troubled childhood and/or prior
leniency do not constitute permissible bases for departing below
the GSR. See U.S.S.G. §§ 5H1.4; 5H1.12; United States v. Black, 78
F.3d 1, 9 (1st Cir. 1996) (noting that § 4A1.3 lists defendant's
unresponsiveness to prior leniency as a ground for an upward
departure).
5. Effective April 30, 2003, Congress enacted Public Law No.
108-21, which provides inter alia that, in reviewing guidelines
departures, we "shall review de novo the district court's
application of the guidelines to the facts." The government has
not raised the question of the new statute's applicability to the
instant case, and since we discern no abuse of discretion, it is
unnecessary for us to reach that issue. See United States v.
Thornberg, 326 F.3d 1023, 1026 n.4 (8th Cir. 2003).