**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 03-1854

UNITED STATES,

Appellee,

v.

RICHARD RYAN HOLMES,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Morris E. Lasker, <u>Senior U.S. District Judge</u>]

Before

Torruella, <u>Circuit Judge</u>,
Campbell, <u>Senior Circuit Judge</u>,
and Selya, <u>Circuit Judge</u>.

William M. White, Jr., and <u>Davis, Robinson & White</u>, LLP, on brief for appellant.
Michael J. Sullivan, United States Attorney, and <u>Dina Michael Chaitowitz</u>, Assistant U.S. Attorney, on Motion for Summary Disposition.

October 14, 2004

**Per Curiam**. Ryan Holmes pled guilty to one count of manufacturing counterfeit money. After violating conditions of his pre-trial release, Holmes was ordered to enter an in-patient drug treatment program. At the time of sentencing, he had successfully completed the program, had been drug-free for seven months and had obtained employment. In sentencing Holmes, the district court granted a two-level reduction in his base offense level for acceptance of responsibility and sentenced him at the low end of the applicable guideline sentencing range (33 months). However, the court denied Holmes' request for a downward departure based on pre-sentence rehabilitation. Holmes is appealing from that denial.

The government has filed a motion for summary affirmance. The government posits that the district court's denial represents an unreviewable exercise of its discretion. The government further contends, however, that the meaning of the district court's ambiguous explanation for its denial need not be resolved because affirmance is appropriate where, as in this case, it is clear that there is no colorable basis for a departure. We agree that affirmance is warranted on these grounds.

This court cannot review "a discretionary decision not to depart on the facts of the particular case." United States v. Rodriguez, 327 F.3d 52, 54 (1st Cir. 2003). However, we may "review a refusal to depart where the refusal rests upon a *legal* mistake, such as a mistaken assumption that a particular ground is

generically impermissible as a basis for departure." Id. Holmes argues that the district court's refusal to depart falls within the latter category, while the government characterizes it as within the former category.

The sentencing judge stated that he believed he lacked authority to grant the departure on the grounds requested. He made an apparent reference to the PROTECT Act (effective 4/30/03), which he noted had further restricted the authority of federal judges to grant departures, and concluded that he was "legally prevented" from granting a downward departure. See 18 U.S.C. § 3742(e). He referred to the possibility of an appeal. Neither the ambiguity of the district court's statement nor the expressed intent that the defendant be permitted to appeal his sentence settles the question of reviewability. See Rodriquez, 327 F.3d at 55; United States v. Morrison, 46 F.3d 127, 131 (1st Cir. 1995).

Based upon a careful review of the sentencing transcript and defendant's motion for a downward departure, we agree with the government that "the district court merely meant that in addition to the absence of extraordinary facts supporting a departure, the PROTECT Act's de novo review requirements also militated against departure." Government's Motion for Summary Disposition, p. 5. The district court stated that it lacked authority to depart "under the practices [defendant] propose[s] in [his] motion" and "on the grounds that are included in the request." At the time of this

sentencing, it was well established that "[i]n an appropriate case, . . . extraordinary presentence rehabilitation can ground a downward departure." United States v. Craven, 239 F.3d 91, 99 (1st Cir. 2001) ("Craven I").

"The PROTECT Act changed the standard of review applied to departures from the guidelines, eliminating the deference previously accorded to a district court's application of the guidelines to the facts of the case." United States v. Derbes, 369 F.3d 579, 581 (1st Cir. 2001). The sentencing court's statements do not establish that the district court fundamentally misinterpreted the effect of the PROTECT Act as eliminating all discretion to grant a downward departure for extraordinary pre-sentence rehabilitation. Nor do we agree with appellant that the district court's statements of approval of appellant's apparent success in overcoming his drug addiction represented a finding that his efforts were "extraordinary." Instead, it appears that the court's refusal to depart was based upon its conclusion that a departure on the facts of this case would be reversed by this court applying the *de novo* standard of review applicable under the PROTECT Act. As such, the district court's discretionary determination that the facts supporting the request for downward departure did not rise to the level of "extraordinary" pre-sentence rehabilitation, is not reviewable by this court.

In the alternative, even if the district court's departure

-4-

denial could fairly be interpreted to rest upon a legal mistake, remand would not be necessary. This court has held that even where the district court mistakenly believed it lacked authority to depart, "where the record provides no basis for departure on any ground, we are not required to remand to the District Court." United States v. Gendraw, 337 F.3d 70, 72 (1st Cir. 2003); see United States v. Mayes, 332 F.3d 34, 37 (1st Cir. 2003); Rodriguez, 327 F.3d at 55. This is such a case because the facts supporting appellant's departure request do not warrant a departure for extraordinary pre-sentence rehabilitation.

"[I]t is well settled that a defendant's efforts to overcome his drug addiction, while certainly commendable, will ordinarily not support a downward departure." United States v. Sklar, 920 F.2d 107, 117 (1st Cir. 1990). This is especially so where such efforts "were largely prompted by the specific mandates of his pretrial release agreement." Id. Even overcoming drug addiction is not "the equivalent of extraordinary rehabilitation nor a guaranteed ticket to a downward departure on that basis." Craven I, 239 F.3d at 100. In several cases, this court has reversed departures for extraordinary rehabilitation based on a defendant's efforts to purge himself of addiction. See e.g., United States v. Craven, 358 F.3d 11, 15 (1st Cir. 2004) ("Craven II"); Sklar, 920 F.2d at 117; see also United States v. Rushby, 936 F.2d 41, 43 (1st Cir. 1991) (affirming refusal to depart on basis of pre-sentencing

-5-

rehabilitation, including successful treatment for drug and alcohol addiction).

Based on our precedents, a departure in Holmes' case for extraordinary pre-sentence rehabilitation would not be warranted. Essentially, the departure was sought on the basis that Holmes has successfully participated for several months in the drug treatment program that the court ordered him to enter. Although he had been a cooperative and enthusiastic participant and had voluntarily participated in addiction recovery groups and obtained employment, those factors do not distinguish his case from Sklar or Rushby. Appellant argues that his case is different because of his difficult and abusive family history and his long history of substance abuse and drug addiction, without prior counseling or treatment. However, "drug addiction [and] a troubled childhood . . . do not constitute permissible bases for departing below the [guideline sentencing range]. See U.S.S.G. §§ 5H1.4; 5H1.12." Mayes, 332 F.3d at 37 n.4. In a nutshell, the circumstances of this case do not "indicate the existence of meaningfully atypical rehabilitation." Sklar, 920 F.2d at 117.

The district court's denial of appellant's motion for a departure from the guideline sentencing range is affirmed. The sentence appealed from is, therefore, affirmed.