**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 05-2075

UNITED STATES,

Appellee,

v.

HIAWATHA BURKS,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

---

Marie E. Hansen and Willey Law Offices on brief for appellant.
Robert Clark Corrente, United States Attorney, Donald C. Lockhart, and Adi Goldstein, Assistant United States Attorneys, on brief for appellee.

---

August 1, 2006

---

**Per Curiam**.  Defendant-appellant Hiawatha Burks appeals from the sentence imposed after this court granted the parties' joint motion for remand pursuant to United States v. Booker, 543 U.S. 220 (2005).  On re-sentencing, the district court imposed a sentence of 120 months, below the originally-imposed sentence of 168 months, the bottom of the applicable guidelines range.  On appeal, Burks maintains that the 120-month sentence is unreasonable, notwithstanding that it is the sentence that defense counsel requested at the re-sentencing hearing.[1]

Under Booker, sentences are reviewed for reasonableness, regardless of whether they fall within or outside of the advisory guidelines range.  See United States v. Smith, 445 F.3d 1, 3 (1st Cir. 2006).  The emphasis in reviewing post-Booker claims that a sentence is unreasonable is "on the provision of a reasoned explanation, a plausible outcome and - where these criteria are met - some deference to different judgments by the district judges on the scene."  United States v. Jimenez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc).

I. Mitigating Factors

Appellant faults the district court for failing to give adequate consideration to certain mitigating factors, including: age of the defendant (25 years old at the time of the offense),

---

[1] It is unnecessary for us to decide whether, given defense counsel's request, Burks has waived the right to challenge the length of the sentence on reasonableness grounds.

-2-

education and vocational skills, past substance abuse and recent rehabilitation, and family ties and responsibilities (as father of a four-year-old son). "That a factor is discouraged or forbidden under the guidelines does not automatically make it irrelevant when a court is weighing the statutory factors apart from the guidelines. The guidelines - being advisory - are no longer decisive as to factors any more than as to results." Smith, 445 F.3d at 5.

At the re-sentencing hearing, defendant did not specifically ask the court to consider most of the mitigating factors that he focuses on in the present appeal. Therefore, he may have waived his claims based on those factors. See United States v. Mayes, 332 F.3d 34, 37 n.4 (1st Cir. 2003). Nonetheless, the sentencing transcripts indicate that the court considered the mitigating factors that Burks relies upon on appeal. In imposing a sentence well below the applicable guidelines range, the court took into consideration Burks' participation in education and other programs during his incarceration. With respect to Burks' youth and his family ties, the court reasonably determined that those were not grounds for imposing a more lenient sentence in this case. See Smith, 445 F.3d at 6 - 7 (reversing as unreasonable a sentence less than half the minimum range where district court had relied upon defendant's age but the defendant "although young, has accumulated a significant criminal history").

II. <u>Career Offender Status</u>

Appellant further argues that the sentence imposed is unreasonable because of the unjustified extent of the disparity between the sentences imposed on a defendant designated as a "career offender" and a defendant not so designated. We have held that such disparity results "from the policy choices made by Congress and implemented by the Sentencing Commission. <u>See</u> 28 U.S.C. § 994(h)," and that failure to reduce a sentence on that basis is not unreasonable. <u>United States</u> v. <u>Caraballo</u>, 447 F.3d 26, 28 (1st Cir. 2006). Moreover, in this case, the court at re-sentencing expressly "looked . . . at what the Defendant's sentencing range would have been without the career offender provision."

Independent of the reasonableness of his sentence, Burks challenges his career offender designation on Sixth Amendment grounds, objecting that he did not admit to more than one prior conviction to support his designation as a "career offender," and that there had been no finding by a jury that his prior offenses were "crimes of violence." As an initial matter, it appears that Burks waived this argument. At the original sentencing hearing, defense counsel stated that "there is not a dispute . . . that this Defendant was appropriately placed in criminal history category [VI] because he's a career offender within the meaning of the guidelines." And the "Joint Motion for Remand in Light of <u>Booker</u>"

states that "Burks does not challenge . . . the sentencing guidelines calculations of the district court."

Even if the issue was not waived, however, we have held that under Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Sixth Amendment does not require the fact and nature of prior state convictions to be proved to a jury beyond a reasonable doubt. Jimenez-Beltre, 440 F.3d at 520. "Whatever the continuing viability of Almendarez-Torres, we have previously held that we are bound to follow it until it is expressly overruled." Id.

### III. Crack/Powder Disparity Under Guidelines

Finally, appellant challenges his sentence on the ground that the degree of disparity in the guidelines' treatment of crack versus powder cocaine is unjustified and creates racial disparity in sentencing. He also argues that in his case, the disparity resulted in a sentence that was longer than necessary to achieve the goals of sentencing set forth in § 3553(a). As with the disparity argument regarding the career offender provision, the crack-to-powder ratio argument does not demonstrate that Burks' sentence is unreasonable. First, this court has held that a sentencing court is without authority to make "a categorical, policy-based rejection of the 100:1 ratio." United States v. Pho, 433 F.3d 53, 62 (1st Cir. 2006). Second, in arriving at a below-guidelines sentence, the district court here specifically took into

account "what the range would have been had the crack cocaine in this case been treated as powder."

Independent of reasonableness, Burks also argues that the government was required to charge and prove that the substance involved in the charged offense was "crack."  However, Burks specifically admitted in his written plea agreement, and confirmed at the change-of-plea hearing, that "the substance involved . . . is cocaine base, also known by the street name of crack cocaine." "A defendant waives his right to challenge sentencing factors when he stipulates to the facts supporting the sentencing factor." United States v. Soto-Cruz, 449 F.3d 258, 262 (1st Cir. 2006).

None of appellant's arguments provides grounds for finding that the sentence imposed following remand was unreasonably high.  The factors that Burks faults the court for not considering were either considered by the court or not raised by Burks.[2]  The court gave a "reasoned explanation" for the sentence it imposed, and the 120-month sentence is "a plausible outcome." Jimenez-Beltre, 440 F.3d at 519.  The sentence is affirmed.

---

[2] In addition to the arguments mentioned above, Burks argued that a lower sentence was warranted because he had been denied the additional one-level reduction for acceptance of responsibility on account of a change of counsel.  However, the court specifically took that fact into account at re-sentencing.